[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT
This complaint seeks a dissolution of a marriage on the grounds that the marriage has broken down irretrievably with no possible prospects for reconciliation. The facts as testified to by the plaintiff and the defendant indicate that they were married in New Britain on May 25, 1985 and have two children: Nicole, born September 27, 1985 and Thomas, born March 28, 1989. No other children have been born to the defendant since the date of the marriage. No assistance is being received. The court finds that it has jurisdiction of the case and that the allegations of the complaint to be true. The dissolution is hereby granted.
The parties have entered a stipulation which the court orders be made a part of the judgment. That stipulation is as follows:
The parties agree and stipulate as follows:
1. The marriage of the parties is broken down irretrievably with no prospect for reconciliation.
2. Custody of the minor children shall be joint with the principal place of residence with the Defendant mother subject to reasonably and liberal rights of visitation to the Plaintiff father which shall include one overnight per week, alternating weekends, alternating major holidays, two weeks of vacation in the summer and such other visitation as the parties may agree.
2A. Every Wednesday from 4:15 p. m. to 8:00 p. m., alternating weekends from Friday 4:15 p. m. to Sunday at 6:00 p. m. The parties shall alternate New Years, Easter, July 4, Halloween and Thanksgiving. The plaintiff shall have every Christmas Eve from noon to 10:00 p. m. and Memorial Day. The defendant shall have every Christmas Day and Labor Day.
3. The plaintiff shall pay child support in the amount of $175.00 per week. The Defendant mother shall be responsible for maintaining medical insurance for the benefit of the minor CT Page 5793 children as available through her employer at reasonable cost. The parties agree to equally split all unreimbursed medical, dental and optical expenses for the minor children as available through her employer at reasonable cost. The parties agree to equally split all unreimbursed medical, dental and optical expenses for the minor children. The provisions of 46b-84c shall apply an a contingent wage execution shall issue in accordance with 52-362 as amended by PA 95-310.
4. Both parties shall maintain life insurance that is available through their employers at no cost naming the children as irrevocable beneficiaries until age nineteen.
5. The Plaintiff shall take the youngest child as a tax deduction on all future income tax returns provided he is current in his child support obligations as of December 31st of each year.
6. SCHEDULE B — (Personal Property to Plaintiff)
Pictures of kids and mother) Husband entitled to make copies.
Tape of kids and mother) Husband entitled to make copies.
Baby pictures of kids) Husband entitled to make copies.
Three man raft with motor
Small tool draws
Miter box and saw
T-square
Levels
Hand tools
Motorcycle
Old Trunk
Horse shoe set
Vice CT Page 5794
Portable work bench
Flip top desk
The court further orders the plaintiff to pay to the defendant alimony of $50.00 per week for a period of six (6) years from the date of judgment. It may not be modified as to time but the amount may be modified in the future depending on a change of financial circumstance.
The court further orders that the pension plan held by the plaintiff be divided equally using March 31, 1997 at the basis for the division. The 401K Plain is also division on an equal basis.
The plaintiff will transfer the real estate property at 180 Linwood Street, New Britain, Connecticut to the defendant. The defendant will then have two (2) years to refinance the mortgage in her own name or sell the premises and divide up the equity equally, if there is any.
No other orders are entered at this time.
HARRY N. JACKAWAY JUDGE TRIAL REFEREE